The Honorable Jerry Hunton State Representative 14221 Greasy Valley Road Prairie Grove, AR 72753
Dear Representative Hunton:
This is in response to your request for an opinion on the following question:
 Is it legal in this state to charge fees of any kind for participation in public school classes and if so when is it appropriate?
You have presented several examples of fees that you indicate are currently being charged by certain schools in the state. It must be initially noted that I cannot provide a conclusive answer regarding the examples set forth in your correspondence because this would require reference to all of the particular facts and circumstances surrounding each fee. This type of factual determination is not within the scope of an opinion from this office. I will, however, in addressing your general question, outline the principal elements of the applicable legal analysis.
It must first be noted that Arkansas case law clearly establishes the principle that registration or tuition fees for attending public school are unlawful.[1] See Dowell v. SchoolDist. No. 1, 220 Ark. 828, 250 S.W.2d 127 (1952), citing Ark. Const. art. 14, § 1.[2] According to the court in Dowell,
"a school district cannot by indirection — such as a registration fee — violate the clear spirit and plain wording of the Constitution." 220 Ark. at 832.
With regard to fees for particular courses, this office has previously concluded that "fees for elective courses are problematic if the courses are part of a given number which must be taken in order to meet the total educational requirements for graduation." Op. Att'y Gen. 91-219 at 2 (copy enclosed). It was concluded that assessing a fee for such courses is constitutionally suspect. Id. That opinion cited two previous Attorney General opinions (Nos. 83-154 and 73-137), both of which are enclosed herein, which discuss fees charged for courses that are offered for credit. It was concluded, following a review of case law from other jurisdictions, that such fees are contrary to Ark. Const. art. 14, § 1. It was also concluded in Opinion 73-137 that a fee cannot lawfully be charged "as a precondition to issuance of necessary textbooks." Op. Att'y Gen. 73-137 at 11. The opinion noted that "[w]hether a particular textbook is a necessary, integral, fundamental ingredient of a particular course of instruction is a question which must turn on each fact situation." Id. at 9-10.
My research has revealed no Arkansas cases warranting modification of these opinions. Thus, in my opinion, the charging of fees for courses that are offered for credit, including so-called "elective" courses that are part of total requirements for graduation, is unconstitutional. Fees for necessary textbooks are also unconstitutional. See Op. 73-137 at 9-11. With regard to non-credit courses, please note that I have enclosed a copy of Attorney General opinion 90-227 which states: "[t]he fact that credit is not offered for the course would . . . be a factor that could be cited in support of the proposition that the course is not a necessary part of the system of free public schools." Id.
at 2 (citations omitted). It was concluded that this may well lead a court to uphold a fee for such a course, but it was also noted that:
 [a]ll of the facts surrounding the particular course offering must . . . be considered, with the ultimate inquiry focused on whether the course is part of the `general, suitable and efficient system of free public schools' in Arkansas. [Citing Ark. Const. art. 14, § 1.]
Id.
While I am unable, as noted above, to address the various examples noted in your correspondence, the foregoing offers general guidance in considering particular fees. The legality of the charge will, I believe, depend upon the exact nature of the fee in question, including the particular course or class involved. The ultimate test under Ark. Const. art. 14, § 1 is whether the facts indicate that the course is part of the "general, suitable and efficient system of free public schools. . . ."
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] I assume that your question pertains to grades one through twelve in the public schools.
[2] Article 14, § 1 of the Arkansas Constitution states as follows:
 Intelligence and virtue being the safeguards of liberty and the bulwark of a free and good government, the State shall ever maintain a general, suitable and efficient system of free public schools and shall adopt all suitable means to secure to the people the advantages and opportunities of education. The specific intention of this amendment is to authorize that in addition to existing constitutional or statutory provisions the General Assembly and/or public school districts may spend public funds for the education of persons over twenty-one (21) years of age and under six (6) years of age, as may be provided by law, and no other interpretation shall be given to it. [As amended by Const. Amend. 53.]